[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#148)
The plaintiff, John King, filed a two count complaint on April 11, 1995 against the defendant, the law firm of Cummings Lockwood. The plaintiff alleges in his complaint that he was injured in an automobile accident in 1981, and that he hired the defendant in 1981 to represent him in his personal injury action against the tortfeasor. The plaintiff alleges that due to the defendant's negligence, the plaintiff's personal injury action was dismissed around 1985. The plaintiff further alleges that the defendant consistently informed him that his case was an active CT Page 14006 jury case from the time of the dismissal until January 1994. The plaintiff's complaint against the defendant alleges legal malpractice in count one and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq, in count two.
The defendant now moves for summary judgment on count two of the plaintiff's complaint pursuant to Practice Book § 384, now Practice Book (1998 Rev.) § 17-49, on the ground that the malpractice claim is "legally insufficient" to support a CUTPA violation. The defendant filed the requisite memorandum of law in support of its motion as well as supplemental memoranda and case law. The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49; Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Elliott v. Waterbury,245 Conn. 385, 391, ___ A.2d ___ (1998).
"Connecticut courts have permitted use of the motion for summary judgment to contest the legal sufficiency of the complaint, even though legal sufficiency is more appropriately tested by a motion to strike." Jewett v. General Dynamics Corp. , Superior Court, judicial district of New London at New London, Docket No. 530943 (May 1, 1997) (Booth, J.); see Marinaccio v.Zaczynski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 565991 (May 14, 1998) (Hennessey,J.). This court previously reached the same conclusion. SeePutnam Resources v. Frenkel Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 123838 (July 10, 1995) (Karazin, J.) (holding summary judgment can be used as a method to test the legal sufficiency of a complaint if the applicable standard for summary judgment cases is met).
The relevant section of CUTPA is "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b; Willow Springs Condominium Assn., Inc. v.CT Page 14007Seventh BRT Dev. Corp. , 245 Conn. 1, 42, ___ A.2d ___ (1998). It is well settled that in determining whether a practice violates CUTPA, a court will look to three factors: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — in their words, is it within the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers." Id., 42.
The defendant argues that CUTPA does not apply to professional malpractice based on the cases of Beverly HillsConcepts, Inc. v. Schatz Schatz, Ribicoff Kotkin,247 Conn. 48, ___ A.2d ___ (1998) and Haynes v. Yale-New Haven Hospital,243 Conn. 17, 699 A.2d 964 (1997). These cases stand for the proposition that professional malpractice cannot be the basis for a CUTPA claim. Because of these cases, the defendant asserts that summary judgment should be granted in its favor as a matter of law.
The plaintiff contends Haynes v. Yale-New Haven Hospital,supra, 243 Conn. 17, is not applicable because that case did not address whether intentional misrepresentation can be the basis for a CUTPA claim. The plaintiff maintains that he pleaded intentional misrepresentation as well as malpractice in his complaint and that misrepresentation can be a basis for the plaintiff's CUTPA count.
The plaintiff alleges in the CUTPA count that the defendant was engaged in trade or commerce in Connecticut within the meaning of General Statutes § 42-110a et seq; that the defendant violated the statute through its actions; and that the plaintiff was injured by the defendant's violation of the statute. The plaintiff claims that by incorporating paragraphs one through sixteen of the first count of the complaint in his CUTPA count, the complaint states a cause of action because the CUTPA count contains allegations of misrepresentation.
The plaintiff alleges that the defendant "represented to him that [the defendant was] competent and skilled at handling this type of case." Complaint, Count One, ¶ 4. The plaintiff also alleges that the defendant "knowingly made representations concerning [the defendant's] attempt to restore the case to the active docket when no such effort was undertaken or possible due CT Page 14008 to the fact that the file had been destroyed . . ." Complaint, Count One, ¶ 16(E). The plaintiff maintains that these intentional misrepresentations provide a separate basis for a CUTPA claim.
In Haynes v. New Haven Hospital, supra, 243 Conn. 34, the court examined a CUTPA claim based on medical malpractice. The court held, "[w]e conclude that professional negligence — that is, malpractice — does not fall under CUTPA. Although physicians and other health providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA." Id.
"We have held that it is important not to interfere with the attorney's primary duty of robust representation of the interests of his or her client . . . This public policy consideration requires us to hold that CUTPA covers only the entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.)Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 35.
In Beverly Hills Concepts. Inc. v. Schatz Schatz, Ribicoff Kotkin, supra, 247 Conn. 48, the Supreme Court examined a CUTPA claim based on legal malpractice. "We . . . take this opportunity to reaffirm our prior holding that professional malpractice does not give rise to a cause of action under CUTPA." Beverly HillsConcepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, supra,247 Conn. 79.
The plaintiff's CUTPA count incorporates the legal malpractice count of his complaint and adds only an allegation that the defendant violated CUTPA. The plaintiff has not demonstrated that his case concerns the commercial aspects of law. The misrepresentations the plaintiff alleges arise within the context of the attorney/client relationship between the plaintiff and defendant and do not involve commercial aspects such as attorney billing or advertising. Therefore, the defendant's motion for summary judgment Is granted as a matter of law.[1]
KARAZIN, J. CT Page 14009